IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. BROWN, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | :  Civ. Act. No. 07-836-SLR |
| | : |
| PHIL MORGAN, Warden, | : |
| and ATTORNEY GENERAL OF | : |
| THE STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions,
respondents submit the following in response to the petition for a writ
of habeas corpus:

1. Edward L. Brown (aka James E. Brown) was arrested by
Wilmington police in February 2006, charged with two counts of second
degree unlawful sexual contact.  Brown was released on $2000 secured
bond, and he was indicted on the two charges in April 2006.  (Superior
Court case ID 0602010669.)

In August 2006, Brown was again arrested by Wilmington police,
this time on two counts of sexual solicitation of a child and one count of

sexual harassment. Brown was held on a total of $31,000 secured bond. (Superior Court case ID 0608011268.) Later that month, Wilmington police arrested Brown, this time charging him with violating, by virtue of the sexual solicitation charges, the conditions imposed in February 2006 for his release on bail. Bail was set at $10,000 cash. (Superior Court case ID 0608015378).

The grand jury indicted Brown in October 2006 on both sets of charges (i.e., ID 0608011268 and ID 0608015378); case number 0608015378 was consolidated on October 16, 2006 with 0608011268. In the meantime, the prosecution had moved to revoke Brown's bail on the sexual solicitation and sexual harassment charges (case number 0608011268). On October 17, 2006, a Superior Court Commissioner denied the motion to revoke bail, but ordered that bail in case number 0608011268 be increased to $35,000 cash only and in case number 0602010669 to $25,000 cash only.

2. Trial on the unlawful sexual contact charges was initially set for June 22, 2006; on the prosecution's request, trial was continued to July 13, 2006. The July 22 date was continued, on a defense request, to August 8 in order to complete a psychological assessment of Brown. On

-2-

July 28, the defense requested another continuance because the psychologist had been unable (because of an accident) to complete his examination of Brown.

At this point in the chronology, i.e., early August 2006, Brown was arrested on the sexual solicitation and sexual harassment charges and for violating his bond conditions. The Superior Court docket for the unlawful sexual contact charges shows that on December 11, 2006, at case review, there was a defense request for a continuance because of the pending sexual solicitation and harassment charges. The corresponding entry for the sexual solicitation and harassment charges shows that on December 11, Brown was arraigned on those charges; final case review was set for January 29, 2007 and trial set for February 13, 2007.

On January 23, 2007, a scheduling order was issued for the unlawful sexual contact charges: final case review was set for April 9, and trial was set for April 19. On January 29, both sets of charges were put on a special case monitoring calendar because of the pending psychological examination, the psychologist not yet having examined Brown. In response to an inquiry from court personnel in mid-March

-3-

2007, defense counsel advised the court that the psychologist had determined that Brown was incompetent to stand trial, but the psychologist had not yet prepared the formal report.

That is where matters appear to have stood until early June 2007. At that point, court personnel directed defense counsel to move for a mental evaluation of Brown or a competency hearing by June 15. If no motion was filed, the cases would be restored to the regular schedule. No motion was filed by the defense, and in a scheduling order issued July 5, the cases were set for final case review on August 6 and trial on August 16. On August 3, 2007, however, defense counsel moved for a competency hearing, and at final case review on August 6, both cases were put on the "problem list." On November 6, defense counsel wrote to the court, submitting a proposed order for another competency examination; though docketed, the proposed order was not signed.

On March 31, 2008, defense counsel moved for a new competency examination; a Superior Court judge signed the motion the same day. On April 4, the defense moved to dismiss both sets of charges on speedy trial grounds or, alternatively, to reduce Brown's bail to unsecured bond. After obtaining a response from prosecutors, a Superior Court

-4-

judge denied the motion to dismiss and denied, without prejudice, the motion for reduction of bail.[1] In an e-mail message docketed May 19, the prosecutor advised defense counsel and the Superior Court judge assigned to the case that the mental evaluation of Brown indicated that Brown was competent to stand trial. Pending the outcome of any competency hearing, trial on both set of charges is currently set for the week of July 8, 2008.

3. Brown has now applied for federal habeas relief, contending that he has not been indicted and that the passage of time since his arrest violates his Sixth Amendment right to a speedy trial. (DI 1) As set out below, the petition should be dismissed because Brown has not exhausted state remedies.

a. As a preliminary matter, because Brown is not "in custody pursuant to the judgment of a State court," 28 U.S.C. §2254(a), his petition is instead properly brought under 28 U.S.C. §2241. *Dickerson*

---

[1]No appeal has been taken to the Delaware Supreme Court from the May 13 orders; under state law, the orders are interlocutory and can not be appealed to the state supreme court. *See Johnson v. State*, 2006 WL 390102 (Del. Feb. 17, 2006); *Guyer v. State*, 2000 WL 1011082 (Del. July 7, 2000); *In re Browne*, 1987 WL 4626 (Del. Oct. 15, 1987); *Harris v. State*, 1987 WL 37710 (Del. June 2, 1987).

*v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *Moore v.
DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975); *McDowell v. Chesney*,
2004 WL 1376591, mem. op. at *3-4 (D. Del. June 17, 2004).

b. Under the principles set out by the court of appeals in *Moore*,
Brown is not entitled to relief. In *Moore*, the court of appeals held that
the district court should not have granted federal habeas relief, prior to
completion of the state criminal proceedings, to a state prisoner who
charged that his speedy trial rights had been violated. The state trial
court in *Moore* had, on a defense motion, dismissed the charges, but on
the prosecution's appeal, two of the charges were reinstated. The trial
court, after an evidentiary hearing, then held that the defense had not
shown sufficient prejudice to require dismissal on speedy trial grounds
and refused to dismiss the charges. The defense applied for, but was
refused, leave to appeal to the intermediate state appeals court. 515
F.2d at 439-41.

The court of appeals first decided that the exhaustion
requirement of section 2254 was applicable to habeas proceedings
under section 2241 seeking pre-trial relief. 515 F.2d at 442-43. In
turn, the state court proceedings had not exhausted state remedies:

denial of the defense applications for interlocutory review did not

constitute an opportunity for the state courts to review the speedy trial

claim on the merits, and refusing leave to appeal did not constitute a

ruling on the merits. 515 F.2d at 444-45. Instead, the speedy trial

issue would still be available at trial and could be raised on appeal

after the petitioner's conviction. In addition, the petitioner sought not

to compel the prosecution to give him a trial, but to abort the state

proceedings in their entirety. 515 F.2d at 445. Under these

circumstances, according to the court of appeals, the speedy trial claim

had to be dismissed on exhaustion grounds. 515 F.2d at 446.

Furthermore, the mere assertion of a speedy trial claim was not enough

to show "extraordinary circumstances" which would obviate the

exhaustion requirement. 515 F.2d at 446-47. *Accord Dickerson,* 816

F.2d at 225-27; *McDowell,* mem. op. at *5-6. *See also United States v.

MacDonald,* 435 U.S. 850, 857-63 (1978) (federal defendant may not

take interlocutory appeal from district court's pretrial order denying

motion to dismiss on speedy trial grounds).

There is no distinction between *Moore* and Brown's situation. As

evidenced by the repeated trial listings in Brown's case, Delaware

prosecutors have every intent of prosecuting Brown. *Compare* 515 F.2d at 445 (noting state prosecutors appear "more than willing to provide Moore with a state court trial"). In contrast, because Brown has asked for his immediate release from custody (DI 1 at 3) , he seeks to scuttle the prosecution. *See Moore*, 515 F.2d at 445-46; *Johnson v. Williams*, 2007 WL 4365609, mem. order at *1 (D. Del. Dec. 11, 2007) (state prisoner asking that district court immediately release him from custody "is attempting to abort a state criminal proceeding because he requests immediate release rather than a speedy trial"); *McDowell*, mem. op. at *5. After Brown is convicted, he may, just as the petitioner in *Moore* could, raise his speedy trial claim on direct appeal to the state supreme court. *See, e.g., Middlebrook v. State,* 802 A.2d 268 (Del. 2002); *Bailey v. State*, 521 A.2d 1069, 1079-83 (Del. 1987). *See also Williams v. Oriscello*, 441 F.2d 1113, 1114 (3d Cir. 1971). Finally, there is no reason to think that Brown's speedy trial claim is so unique as to require federal intervention at this point. *See Moore*, 515 F.2d at 446-47. *Accord Dickerson*, 816 F.2d at 227; *McDowell*, mem. op. at *6. *See also Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979) (noting that dismissal at this point does not preclude federal consideration of issue,

but "merely delays such consideration until 'a time when federal jurisdiction will not seriously disrupt state judicial processes'" (quoting *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979)). In short, *Moore* requires dismissal of Brown's speedy trial claim on exhaustion grounds.

4. Based upon the Superior Court docket, it appears that no transcripts of any proceedings in the Superior Court have been prepared, though the various proceedings would have been recorded. In the event that the Court directs the production of any transcript, respondents can not state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

5. The petition for a writ of habeas corpus should accordingly be dismissed without further proceedings.

Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French St.
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us

June 4, 2008

Westlaw.

Not Reported in F.Supp.2d                                                      Page 1

Not Reported in F.Supp.2d, 2004 WL 1376591 (D.Del.)

**(Cite as: 2004 WL 1376591 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Christopher MCDOWELL, Petitioner,
v.
Joe CHESNEY, Superintendent, State Correctional Institution at Retreat, and M.
Jane Brady, Attorney General for the State of Delaware, Respondents.
**No. Civ.A.03-818-JJF.**

June 17, 2004.

Christopher McDowell, Petitioner, pro se.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

*MEMORANDUM OPINION*

FARNAN, J.

I. INTRODUCTION

**\*1** Petitioner Chrisopher McDowell is a Pennsylvania inmate in custody at the State Correctional Institution at Retreat in Pennsylvania. Currently before the Court is Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254. (D.I. 2; D .I. 3.) For the reasons that follow, the Court will deny his application.

II. PROCEDURAL BACKGROUND

Petitioner is presently incarcerated in Pennsylvania for parole violations.

The facts and procedural background of his Delaware crimes are summarized as follows from the Delaware Superior Court opinion in *State v. McDowell*, 824 A.2d 948 (Del.Super.Ct. May 13, 2003):

On July 23, 2000, Petitioner allegedly robbed a liquor store in Delaware. A warrant for his arrest in Delaware was issued on June 24, 2000, and arrangements were made over the telephone for Petitioner's voluntary surrender. However, Petitioner failed to appear, and his girlfriend informed the police that he had fled the jurisdiction.

On June 27, 2000, Delaware's Attorney General requested help from local FBI agents who secured a Federal Unlawful Flight to Avoid Prosecution warrant ("UFAP") against Petitioner. On July 6, 2000, Petitioner was arrested in Pennsylvania on the UFAP and handed over to Pennsylvania authorities. On July 13, 2000, Petitioner waived extradition to Delaware on the Federal UFAP.

Shortly thereafter, Pennsylvania parole authorities issued their own arrest warrant for Petitioner. The Pennsylvania authorities informed the Delaware authorities that Petitioner was no longer available for extradition because of the new parole violation charges. The Pennsylvania Parole Authority proceeded against Petitioner.

On July 31, 2000, Petitioner was indicted in the Delaware Superior Court for first degree robbery (11 DEL. C. ANN. § 832) and related charges. Because he was in Pennsylvania's custody, he did not appear at his arraignment. A capias was issued on August 18, 2000. Then, on August 31, 2000, having been denied extradition, the Delaware authorities lodged a detainer request for Petitioner's temporary custody under the Uniform Agreement on Detainers ("UAD"). On September 12, 2000, Petitioner was sentenced to incarceration in Pennsylvania for parole violations.

On January 9, 2002, the Delaware Prothonotary received a letter from Petitioner requesting "a copy of my docket entries ... [i]f at all possible could you please provide me with a copy of the Criminal Rules that govern a Motion for Dismissal of Charges."

On January 30, 2001, Petitioner signed "Form I" pursuant to the UAD, which informed him of Delaware's detainer. Then, on February 13, 2001, after Petitioner had been notified and provided an opportunity to waive extradition under the UAD, the Delaware Attorney General's office received a letter from the Pennsylvania Department of Corrections ("Pa DOC") stating that:

> [Petitioner] has indicated that he is not willing to return to your jurisdiction, and that he intends to fight extradition. He claims he signed a waiver this past summer and this action is no longer timely.

*2 It appears that Petitioner did not communicate with Pennsylvania or Delaware authorities again until September 4, 2001, when he sent a request to the Pa DOC for a copy of the forms sent by Delaware pursuant to the UAD. He also asked which forms had been sent to Delaware. The Pa DOC responded:

> [Petitioner], I'm not sure exactly what you mean, but I think you are referring to Form IV of the UAD "offer to deliver temporary custody." Since a signed waiver of extradition is not on file, and could not be sent [with Pennsylvania's offer of temporary custody to Delaware under the UAD], the matter remains in limbo. Do you wish to waive at this time? If so, please contact me.

Petitioner did not respond or sign the "Form IV" waiver of extradition, and consequently, the Pa DOC could not present the State of Delaware with an offer of temporary custody.

On October 24, 2001, Petitioner wrote the Pa DOC:

> Could you please inform me as to my status of the detainer from the state of Delaware. All of the proper paperwork has been completed. I sent the [Delaware] Prothonotary a letter while I was down [at] GraterFord [sic] in January. They sent the proper paperwork here to obtain temporary custody. In February you sent them the paperwork to continue the process ...

The Pa DOC told Petitioner that the only thing holding up the process was his refusal to waive extradition by signing "Form IV":

> [Petitioner], please refer to my response dated 9-4-01 to your request dated the same. The [U]AD is in limbo-awaiting a waiver of extradition so that our offer to deliver temporary custody (form 4) can be sent. Do you wish to waive at this time? If so, contact me.

According to Petitioner, he filed a motion to dismiss the indictment on speedy trial grounds in September 2001, but no such motion is indicated on the Superior Court Docket. In this motion, Petitioner allegedly argued that he signed a waiver of extradition prior to the Pennsylvania warrant and during his detention pursuant to the UFAP.

He argued that this waiver remains valid, and required Delaware to bring him to trial within 180 days of July 13, 2000.

Between September 2001 and February 2003, Petitioner wrote various letters to the Delaware Prothonotary's Office, a Delaware Deputy Attorney General, and the Delaware Governor's office requesting information on his case and how to file a motion to dismiss. (D.I.3.)

Thereafter, on February 13, 2003, Petitioner's counsel filed in the Delaware Superior Court a motion to dismiss the indictment on speedy trial grounds. The court held a hearing to take testimony and make factual findings, but Petitioner refused to take the steps necessary to secure his appearance in Delaware. Petitioner then filed a motion titled "Defendant's Response to Court Order Requiring Defendant to Waive Extradition" and attached an affidavit waiving "any appearances that may be desired at any, and or all hearing(s) regarding the Motion to Dismiss." The Delaware Superior Court denied the motion to dismiss because Petitioner did not comply with the requirments of the UAD, and because by failing to appear before the Superior Court, no state or federal constitutional protection was implicated. *See State v. McDowell*, 824 A.2d 948 (2003). Petitioner appealed to the Delaware Supreme Court, but the appeal was subsequently dismissed upon Petitioner's motion for voluntary dismissal. (D.I. 16, Del.Super. Ct. Dkt. dated 1/8/04, Entry # 20.)

*3 Petitioner's counsel filed a form application for federal habeas relief, along with a supporting memorandum, on August 19, 2003. The application and memorandum assert one claim: that Petitioner has been denied his right to a speedy trial. (D.I. 2; D.I. 3.)

Respondents ask the Court to dismiss the application because Petitioner has failed to exhaust state remedies.

Petitioner's § 2254 application is now ripe for review.

## III. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards for analyzing the merits of a habeas petition. *See id.* at 206. Generally, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

## IV. DISCUSSION

Petitioner asserts that Delaware's failure to bring him to trial on his felony charges during his three year incarceration in Pennsylvania has violated his federal and state constitutional right to a speedy trial. (D.I. 3 at 6.) He asks the Court to grant a Writ of Habeas Corpus "requiring that these charges be dropped and that the detainer lodged against Petitioner as a result be withdrawn." [FN1] (*Id.* at 13.)

> FN1. Respondents discuss two alternative claims for relief: (1) dismissal of the criminal charges and detainer; and (2) enforcement of Delaware's statutory duty to bring him promptly to trial under the terms of the UAD. (D.I. 14 at 5.) However, because Petitioner only asks the Court to dismiss the criminal charges and the detainer, the Court will not discuss the alternative claim analyzed by Respondents. *See*

D.I. 3 at 13.

A. Petitioner's habeas application should have been brought pursuant to 28 U.S.C. § 2241.

Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254. As an initial matter, the Court must determine whether it has the authority to review this petition under 28 U.S.C. § 2254.

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). As such, § 2254 is a post-conviction remedy, and does not grant a federal court habeas jurisdiction to review a claim raised prior to a petitioner's conviction. *See Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir.1975). In contrast, 28 U.S.C. § 2241 authorizes federal courts to issue the writ of habeas corpus to any prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States" before a state court judgment is rendered. 28 U.S.C. § 2241(c)(3); *see Moore*, 515 F.2d at 442. Section 2241 permits a petitioner to seek pre-trial relief on a speedy trial claim, *see Moore*, 515 F.2d at 442-45, and it has been construed to allow a petitioner held in one state to challenge a detainer lodged against him by another state. *See Braden v. 30 th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

**\*4** Here, Petitioner is in custody pursuant to a Pennsylvania judgment, yet his habeas application seeks pre-trial habeas relief on his speedy trial claim involving his pending Delaware charges and a Delaware detainer. Applying the foregoing principles, the Court concludes that § 2241, rather than § 2254, provides the authority to review this claim. [FN2] Recognizing that the habeas analysis under § 2241 is identical to that required under § 2254, the Court will treat the petition as if it were properly asserted pursuant to § 2241. [FN3]

> FN2. Although the Court has concluded that Petitioner should have asserted his claim pursuant to § 2241, the Court acknowledges the Third Circuit's holding in *Coady v. Vaughn*, 251 F.3d 480 (3d Cir.2001) requiring a state prisoner to rely on § 2254, not § 2241, when challenging any incarceration "pursuant to the judgment of a State court." *Id.* at 485. However, the Court does not interpret *Coady* to prohibit reliance on § 2241 when a state prisoner challenges only his pre-trial detention.

> FN3. The Court declines to dismiss the petition on this ground, because "[w]hether [Petitioner's] petition is properly treated as a § 2241 petition or a § 2254 petition is largely academic." *Crawford v. Varner*, 2002 WL 229898, at \*2 (D.Del. Feb. 15, 2002). As explained *infra* at 10-11, the exhaustion requirement is identical under both statutes.

B. Petitioner's State constitutional claim is not cognizable on federal habeas review

Petitioner alleges that he was denied a speedy trial in violation of the Delaware State Constitution. This claim is not cognizable on federal habeas review. 28 U.S.C. § 2254; 28 U.S.C. § 2241; *Engle v.. Isaac,* 456 U.S. 107, 119 (1982). As such, the Court will dismiss Petitioner's state constitutional claim.

C. Petitioner did not exhaust state remedies for his federal constitutional claim

Absent exceptional circumstances, AEDPA does not permit a federal court to review a habeas petition unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). AEDPA states:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion requirement is based on principles of comity, requiring the petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Generally, the petitioner must demonstrate that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000).

If a federal habeas claim was not fairly presented to the state courts, and further state court review is still available, that claim is not exhausted. Generally, federal courts will dismiss without prejudice claims that have not been properly presented to the state courts, thus permitting petitioners to exhaust their claims. *Lines v. Larkins,* 208 F.3d 153, 159-60 (3d Cir.2000).

*5 As with claims asserted under § 2254, a federal court cannot review a claim asserted pursuant to § 2241 unless state remedies have been exhausted. *See Braden v. 30 $^{th}$ Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973). Although § 2241 does not explicitly require exhaustion, judicial decisions have incorporated an exhaustion requirement as part of the judicial review under § 2241. *See id.* at 489-92; *Moore,* 515 F.2d at 442. "[T]here is no distinction [between § 2241 and § 2254] insofar as the exhaustion requirement is concerned." *Moore,* 515 F.2d at 442.

However, when a petitioner raises a speedy trial claim prior to his trial, he cannot exhaust state remedies in the traditional sense because he still can raise the speedy trial claim on direct appeal after his conviction. *See Braden,* 410 U.S. at 489. In such circumstances, a federal court must determine whether the petitioner is attempting to enforce a state's constitutional obligation to bring him to trial, or whether he is trying to abort a state proceeding. *Id.* at 489-91.

If a petitioner is asking the state courts to enforce "the state's constitutional obligation to bring him promptly to trial," and he has "made repeated demands" of this request on the state courts, then the interests underlying the exhaustion requirement are satisfied, despite the fact that the petitioner has not yet been convicted. *Braden,* 410 U.S. at 489-90. Federal habeas review will not be foreclosed on exhaustion grounds because "[a] federal habeas corpus action at this time and under these circumstances does not jeopardize any legitimate interest of federalism." *Id.* at 491-92.

In contrast, when a petitioner is attempting to "abort a trial in the state courts" by seeking to dismiss pending state charges, to grant habeas review would be to permit premature litigation of constitutional defenses in federal court. [FN4] *Id.* at 493. Consequently, federal habeas review is not available unless the petitioner has exhausted state remedies and he makes "a special showing of the need for such adjudication" or he demonstrates "extraordinary circumstances" sufficient to excuse his failure to exhaust. *Moore,* 515 F.2d at 443-46; *see Braden,* 410 U.S. at 490-93.

> FN4. Indeed, it is even questionable whether a speedy trial claim asking for the pre-trial dismissal of a state's criminal charges is within the scope of relief permissible under § 2241. Although § 2241 authorizes a federal court to grant a habeas writ to a prisoner who is subjected to an unconstitutional detention, it

does not permit federal courts to sit as " 'a pretrial motion forum for state prisoners.' " *Moore,* 515 F.2d at 445 (quoting *Braden,* 410 U.S. at 493). However, this Court follows the Third Circuit's analysis in *Moore* where, after discussing the Supreme Court's warning against such pretrial motions, it proceeded to discuss exhaustion and the "extraordinary circumstances" exception to exhaustion.

Here, Petitioner is asking for the dismissal of the Delaware charges and the Delaware detainer lodged against him. As such, he is trying to "derail ... a pending state proceeding." *See Moore,* 515 F.2d at 445-46; *Braden,* 410 U.S. at 493. Applying the principles discussed above, federal habeas review is unavailable unless Petitioner has exhausted state remedies or he demonstrates "extraordinary circumstances" permitting habeas relief prior to state exhaustion.

A review of the record reveals that Petitioner has not exhausted state remedies. Although Petitioner did present his speedy trial claim requesting dismissal of the criminal charges and the Delaware detainer to the Delaware Superior Court in his motion to dismiss, he did not appeal the Superior Court's denial of this motion to the Delaware Supreme Court. [FN5] Moreover, further state review of this claim is available because Petitioner can raise his speedy trial claim on direct appeal in the event of a conviction. *See Moore,* 515 F.2d at 444. Thus, Petitioner has not exhausted state remedies, and unless he demonstrates "extraordinary circumstances" sufficient to excuse his failure to exhaust, federal habeas review is unavailable. *See id.* at 446.

> FN5. The record reveals that Petitioner filed an appeal with the Delaware Supreme Court, but subsequently withdrew the appeal voluntarily. As such, he never presented this claim in a procedural context permitting the Delaware Supreme Court to review the merits.

*6 Neither the Third Circuit nor the United States Supreme Court has explicitly described the "boundaries of 'extraordinary circumstances' [sufficient] to warrant pre-trial interference." *Id.* at 447. However, the denial of a speedy trial, without more, does not constitute an "extraordinary circumstance." *Moore,* 515 F.2d at 449. Further, when attempting to justify pre-trial habeas interference, a petitioner must present allegations revealing "that quality of delay, harassment, bad faith or other intentional activity which, in an appropriate situation, might constitute an 'extraordinary circumstance.' " *Lambert v. Blackwell,* 134 F.3d 506, 517 (3d Cir.1997) (citation omitted).

Here, Petitioner asserts that his trial has been delayed for over three years, but he does not allege any "harassment, bad faith or other intentional activity" which might constitute an extraordinary circumstance. His Memorandum of Law in Support of his Petition for a Writ of Habeas Corpus states "[t]his petition is based on the unexplained failure of the State to follow through on the return of the defendant to Delaware." (D.I. 3 at 8.) Thus, in the absence of any allegations of "harassment, bad faith or other intentional activity," the Court concludes that the three-year delay does not constitute an "extraordinary circumstance" sufficient to warrant pre-exhaustion federal habeas review. *See Moore,* 515 F.3d at 447 ("manifest shortcomings by the prosecutor's office and negligence in the conduct of Moore's prosecution" did not constitute "extraordinary circumstances"); *cf. Braden,* 410 U.S. at 508 (dissent) (pre-trial federal habeas interference may be warranted despite failure to exhaust where the state did not have jurisdiction to bring criminal charges against the petitioner). Accordingly, the Court will dismiss Petitioner's habeas petition without prejudice for failure to exhaust state remedies.

IV. Certificate of Appealability

Finally, the Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable

or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that it must dismiss Petitioner's habeas application without prejudice for failure to exhaust state remedies. Reasonable jurists would not find these conclusions unreasonable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will be denied.

## V. CONCLUSION

For the foregoing reasons, Petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254, and construed to be asserted under 28 U.S.C. § 2241, will be dismissed without prejudice.

*7 An appropriate Order will be entered.

ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Christopher McDowell's Application For A Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254, construed to be an Application For A Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241, is DISMISSED WITHOUT PREJUDICE. (D.I. 2; D.I. 3.)

2. The Court declines to issue a certificate of appealability.

Not Reported in F.Supp.2d, 2004 WL 1376591 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Westlaw.

Slip Copy                                                                                        Page 1

Slip Copy, 2007 WL 4365609 (D.Del.)

**(Cite as: Slip Copy, 2007 WL 4365609)**


Johnson v. Williams

D.Del.,2007.

Only the Westlaw citation is currently available.

United States District Court,D. Delaware.

Ronald G. JOHNSON, Petitioner,

v.

Raphael WILLIAMS, Warden, and Attorney General of the State of Delaware, Respondents.

**Civ. Act. No. 07-767-JJF.**


Dec. 11, 2007.


Ronald G. Johnson, Wilmington, DE, pro se.


*MEMORANDUM ORDER*


FARNAN, District Judge.


**I. BACKGROUND**


*1 Petitioner Ronald G. Johnson ("Petitioner") is incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware. He filed an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 ("Petition") on November 26, 2007. (D.I.1.) Petitioner avers that he was arrested and arraigned in the Justice of the Peace Court on November 7, 2007. He also states that Delaware Court of Common Pleas conducted a preliminary hearing on November 14, 2007 and on November 20, 2007, and that he requested, but never received, a police report and affidavit from the arresting officer. According to Petitioner, his trial is scheduled to begin on January 2, 2008, and he is being held "for lack of bail." (D.I.1.)


Although difficult to decipher, Petitioner appears to argue that he has been denied his "Constitutional Right to Discovery Information," thereby rendering his present pre-trial incarceration unconstitutional. (D.I. 1 at p. 2.) He asks the Court to immediately release him from custody. *Id.*


**II. DISCUSSION**


Pursuant to Rule 4, 28 U.S.C. foll. 28 U.S.C. § 2254, a federal district court may summarily dismiss a habeas petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."In turn, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S .C. § 2254(a) and (b)(1)(A); *See also* Rule 1, 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28

U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding because such adjudication would constitute premature litigation of constitutional defenses in federal court. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung,* 515 F.2d 437, 441-42 (3d Cir.1975); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

It is clear from the face of the pending Petition that Petitioner is not in custody pursuant to state court judgment because he has not yet undergone his state criminal trial. Additionally, the Court concludes that Petitioner is attempting to abort a state criminal proceeding because he requests immediate release rather than a speedy trial. Petitioner's brief filing does not demonstrate extraordinary circumstances justifying the Court's interference with a pending state court proceeding without having first exhausted state remedies. *Moore,* 515 F.2d at 443. Accordingly, the Court will summarily dismiss Petitioner's § 2241 petition.

### III. CONCLUSION

**\*2** For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner Ronald G. Johnson's Petition For The Writ Of Habeas Corpus, filed pursuant to 28 U.S.C § 2241, is *DISMISSED.* (D.I.1.)

2. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer,* 113 F.3d 470 (3d Cir.1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

D.Del.,2007.
Johnson v. Williams
Slip Copy, 2007 WL 4365609 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

894 A.2d 406                                                                          Page 1
894 A.2d 406, 2006 WL 390102 (Del.Supr.)
**(Cite as: 894 A.2d 406, 2006 WL 390102 (Del.Supr.))**

Johnson v. State
Del.Supr.,2006.
(The decision of the Court is referenced in the At-
lantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
Ronald G. JOHNSON, Defendant Below, Appel-
lant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 37, 2006.**

Submitted Jan. 26, 2006.
Decided Feb. 17, 2006.

Court Below-Superior Court of the State of
Delaware, in and for New Castle County, Cr. ID
No. 0504012348.

Before HOLLAND, JACOBS and RIDGELY,
Justices.

*ORDER*

*1 This 17th day of February 2006, upon considera-
tion of the Clerk's notice to show cause pursuant to
Supreme Court Rule 29(b) and the appellant's re-
sponse to the notice, it appears to the Court that:

(1) In May 2005, the appellant, Ronald G. Johnson,
was indicted in the Superior Court on nine offenses.
Johnson's criminal trial is scheduled to begin in
May 2006.

(2) By order dated January 6, 2006, the Superior
Court decided several motions that Johnson had
filed pro se, including a motion to
dismiss.[FN1] Johnson filed a pro se appeal from the
Superior Court's order.[FN2]

> FN1. The Superior Court also decided
> Johnson's motions to reconsider two un-
> successful habeas corpus petitions and his

request for a bail reduction.

> FN2. Johnson's appeal is titled "Notice of
> Appeal of Motion for Dismissal of Charges
> for SpeedyTrial Violations."

(3) On January 19, 2006, the Assistant Clerk issued
a notice directing that Johnson show cause why the
appeal should not be dismissed based on this
Court's lack of jurisdiction to consider an appeal
from an interlocutory order in a criminal case. In
response to the notice to show cause, Johnson con-
tends that the appeal is "ripe for full adjudication."

(4) Johnson is incorrect. Under the Delaware Con-
stitution, this Court shall receive an appeal only
from a final judgment in a criminal case.[FN3] The
Court has no jurisdiction to consider an inter-
locutoryappeal in a criminal case.[FN4]

> FN3.Del. Const. art. IV, § 11(1)(b).

> FN4.*See Gottlieb v. State,* 697 A.2d 400
> (Del.1997) (discussing nonappealability of
> interlocutory orders in criminal cases).

(5) The Superior Court's order of January 6, 2006,
is not a final appealable order.[FN5] This Court does
not have jurisdiction to consider Johnson's appeal.

> FN5.*Cf. Kostyshyn v. State,* 2004 WL
> 1874695 (Del.Supr.) (dismissing, *sua
> sponte,* impermissible criminal inter-
> locutoryappeal from order granting motion
> to sever).

NOW, THEREFORE, IT IS ORDERED, pursuant
to Supreme Court Rule 29(b), that the appeal is
DISMISSED.

Del.Supr.,2006.
Johnson v. State
894 A.2d 406, 2006 WL 390102 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

757 A.2d 1277                                                                                                    Page 1
757 A.2d 1277, 2000 WL 1011082 (Del.Supr.)
**(Cite as: 757 A.2d 1277, 2000 WL 1011082 (Del.Supr.))**

Guyer v. State
Del.Supr.,2000.
(The decision of the Court is referenced in the At-
lantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
Thomas D. GUYER, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 313 2000.**

Submitted July 3, 2000.
Decided July 7, 2000.

Court Below-Superior Court of the State of
Delaware, in and for New Castle County, Cr. No.
9907005916.

Before WALSH, HOLLAND, and BERGER,
Justices.

### ORDER

**\*1** This 7th day of July 2000, upon consideration of
the appellant's notice of interlocutoryappeal and his
motion for a stay of the lower court proceedings, it
appears to the Court that:

(1) The appellant, Thomas Guyer, has filed a peti-
tion requesting this Court to accept an inter-
locutoryappeal from an order of the Superior Court
dismissing Guyer's interlocutoryappeal filed in that
court. Guyer apparently filed an interlocutoryappeal
in Superior Court seeking to dismiss criminal
charges pending before the Court of Common
Pleas. Guyer contended his speedytrial rights have
been violated. The Superior Court dismissed his ap-
peal for lack of jurisdiction.

(2) Guyer also has filed a motion with this Court
seeking to stay any further proceedings against him
in the Court of Common Pleas. Guyer states that he
is scheduled to appear before the Court of Common

Pleas on July 12, 2000.

(3) Under the Delaware Constitution, only a final
judgment may be reviewed by this Court in a crim-
inal case. Del. Const. art. IV, § 11(1)(b). As a res-
ult, this Court has no jurisdiction to review Guyer's
interlocutoryappeal.*Gottlieb v. State,* Del.Supr., 697
A.2d 400, 402 (1997). Moreover, to the extent Guy-
er may be requesting an extraordinary writ of pro-
hibition directed to the Court of Common Pleas to
prevent his criminal trial from moving forward, we
do not find a writ to be warranted under the circum-
stances. It is not "clear and unmistakable" on this
record that the Court of Common Pleas lacks juris-
diction over Guyer's criminal charges. *See In re
Hovey,* Del.Supr., 545 A.2d 626, 629 (1988). Ac-
cordingly, Guyer's appeal must be dismissed and
his motion to stay denied.

NOW, THEREFORE, IT IS ORDERED that the
notice of interlocutoryappeal is REFUSED. The
motion to stay is DENIED.

Del.Supr.,2000.
Guyer v. State
757 A.2d 1277, 2000 WL 1011082 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

533 A.2d 1254
533 A.2d 1254, 1987 WL 4626 (Del.Supr.)
(Cite as: 533 A.2d 1254, 1987 WL 4626 (Del.Supr.))

Page 1

Matter of Browne's Petition
Del.,1987.
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
In the Matter of Cecil BROWNE'S PETITION for A Writ of Habeas Corpus.
No. 315,1987.

Submitted: Oct. 6, 1987.
Decided: Oct. 15, 1987.

GRANTED.

Before CHRISTIE, Chief Justice, and HORSEY and HOLLAND, Justices.

ORDER

CHRISTIE, Justice.
*1 This 15th day of October, 1987, it appears from the record that:

(1) On September 25, 1987, the State moved to dismiss the action designated by the petitioner as a "Writ of Habeas Corpus" pursuant to Supreme Court Rules 29(b) and 30(d). No response to such motion has been received. The State's assertions may be summarized as follows:

(a) Cecil Browne's case is pending trial in the Superior Court in Kent County. There are several pending charges of burglary and of other offenses. Browne has petitioned this Court to issue a writ of *habeas corpus* seeking dismissal of the charges because of an alleged failure of Superior Court to grant him a speedytrial in violation of the Uniform Agreement on Detainers. 11 *Del.C.* § 2540, *et seq.*

(b) In Delaware only the Superior Court and the Family Court have original jurisdiction to issue a writ of *habeas corpus.* 10 Del.C. § 6901; *Rocker v.*

*State,* Del.Supr., 240 A.2d 141, 142 (1968). Since this Court thus lacks jurisdiction, it must dismiss Browne's petition.

(c) In the course of Browne's description of the events in his case, he states that the Superior Court denied his petition for a writ of *habeas corpus* on September 16, 1987. The State understands that such action was taken in open court and hence not reduced to a written opinion and order.

(d) To the extent that Browne's petition can be read as an appeal from that order, this Court should dismiss this matter on jurisdictional grounds. Although labeled a petition for writ of *habeas corpus,* Browne's application in Superior Court was simply a request to dismiss the pending criminal charges. In that light, Browne's *habeas corpus* petition was for an interlocutory order, and the Superior Court's decision was in fact an interlocutory order.

(e) This Court lacks jurisdiction to entertain an appeal from an interlocutory order in a criminal case. Del. Const. art. IV, § 11(1)(b); *State v. Cooley,* Del.Supr., 430 A.2d 789, 791 (1981). Moreover, as this Court has consistently declared, "[t]his rule cannot be circumvented by taking an appeal from a ruling denying a petition which was mislabeled a petition for writ of habeas corpus or any other irregular procedural maneuver." *Cook v. State,* Del.Supr., No. 288, 1985, Christie, C.J. (October 24, 1984) (order).

(2) The factual assertions of the State are supported by the record. The assertions made by the State as to the applicable law are also entirely correct: this Court lacks jurisdiction to entertain original petitions for writs of *habeas corpus,* and it lacks jurisdiction to entertain appeals from interlocutory orders in criminal cases.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss this case is GRANTED.

Del.,1987.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

533 A.2d 1254                                                                                    Page 2
533 A.2d 1254, 1987 WL 4626 (Del.Supr.)
**(Cite as: 533 A.2d 1254, 1987 WL 4626 (Del.Supr.))**


Matter of Browne
533 A.2d 1254, 1987 WL 4626 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Harris v. State
Del., 1987
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Tommie L. HARRIS, Petitioner Below, Appellant,

v.

STATE of Delaware, Respondent Below, Appellee.
**No. 145, 1987**

Submitted: May 20, 1987.
Decided: June 2, 1987.

Superior Court, New Castle County

APPEAL DISMISSED.

#### ORDER

Before CHRISTIE, Chief Justice, and HORSEY and MOORE, Justices.

HORSEY, Justice.

**\*1** This 2nd day of June, 1987, the respondent, State of Delaware, having moved under Rule 29(b) to dismiss the appeal of Tommie L. Harris, acting pro se, from an order of Superior Court dismissing his petition or complaint for writ of mandamus or writ of habeas corpus; and petitioner having also filed a paper titled 'Petition for Writ of Prohibition and/or Alternative, a Writ of Process,' it appears to the Court from the record that:

(1) Appellant Harris is currently incarcerated by the Delaware Department of Corrections in default of bail pending trial for first degree rape.

(2) Defendant, through counsel, has previously secured an order of Superior Court directing that he be granted a speedy trial; and the case is presently scheduled for trial on June 8, 1987.

(3) Superior Court was correct in ruling that de-

fendant-petitioner's complaint fails to state a claim for either writ of mandamus or for writ of habeas corpus.

(4) Assuming that defendant-petitioner seeks to challenge preliminary rulings of the Superior Court scheduling the case for trial, such rulings cannot be appealed under the guise of a petition for an extraordinary remedy and thereby circumvent constitutional limitations upon interlocutory appeals in criminal cases. Hodsdon v. Superior Court, Del.Supr., 239 A.2d 222 (1968).

(5) Neither a writ of prohibition nor a writ of mandamus may be used to compel Superior Court to either grant defendant-petitioner release from custody or to compel Superior Court to perform a discretionary act involving the scheduling of his trial when no showing has been made of a clear abuse of discretion by Superior Court in such matters. In the Matter of Ronald Lee Robinson, Del.Supr., No. 301, 1985, Christie, C.J. (Oct. 28, 1985) (Order).

NOW, THEREFORE, IT IS ORDERED that the appellee State's motion to dismiss the appeal be and the same is hereby GRANTED; and the appeal is DISMISSED for lack of jurisdiction.

Del., 1987
Harris v. State
527 A.2d 281, 1987 WL 37710 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2008, I electronically filed the attached

document (Answer) with the Clerk of Court using CM/ECF.  I also hereby

certify that on June 4, 2008, I have caused to be delivered by the United States

Postal Service the same document to the following non-registered participant:

James E. Brown
SBI No. 0835585
Young Correctional Institution
P.O. Box 9561
Wilmington, DE  19809


/s/ Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 2210
loren.meyers@state.de.us