IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. BROWN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 07-836-SLR |
| | ) |
| PHIL MORGAN, Warden, | ) |
| and ATTORNEY GENERAL | ) |
| OF THE STATE OF | ) |
| DELAWARE, | ) |
| | ) |
|     Respondents. | ) |

James E. Brown. Pro se petitioner.

Loren E. Meyers, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

Dated: August 11, 2008
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is petitioner James E. Brown's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is incarcerated in the Howard R. Young Correctional Institution in Wilmington, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application without prejudice for failure to exhaust state remedies.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 2006, the Wilmington police arrested petitioner and charged him with two counts of second degree unlawful sexual contact. After being released on $2,000 secured bond, the grand jury indicted him with two counts of second degree unlawful sexual contact on April 2006 ("Case A"). Trial was initially set for June 22, 2006. However, at the prosecutor's request, trial was continued to July 13, 2006. Then, as the result of a defense request, the July 13 trial date was continued to August 8, 2006 so that a psychological assessment of petitioner could be performed. On July 28, 2006, the defense requested another continuance because the psychologist was unable to complete his examination of petitioner. (D.I. 15)

The Wilmington police arrested petitioner again in August 2006, this time charging him with two counts of sexual solicitation of a child and one count of sexual harassment ("Case B"). Petitioner was held on a total of $31,000 secured bond. However, as a result of the sexual solicitation charges, petitioner was charged with violating the conditions imposed in February 2006 for his release on bail. Bail for this

2

charge was set at $10,000 cash ("Case C"). Id.

In October 2006, the grand jury indicted petitioner on both sets of charges (Case B and Case C), and the two cases were consolidated ("Case BC"). However, prior to consolidation, the prosecutor had moved to revoke petitioner's bail in Case B. On October 17, 2006, a Superior Court Commissioner denied the motion to revoke bail, but ordered that bail in Case B be increased to $35,000 cash only and to $25,000, cash only, in Case C. Id.

On December 11, 2006, in Case A, the defense requested a continuance because of the pending charges in the now consolidated Case BC. In Case BC, petitioner was arraigned on December 11, 2006, final case review was set for January 29, 2007, and the trial was set for February 13, 2007. Id.

On January 23, 2007, a scheduling order was issued in Case A, setting final case review for April 9, 2007, and trial for April 19, 2007. On January 29, 2007, both sets of charges in Case BC were put on a special case monitoring calendar because of the pending psychological examination. In response to an inquiry from court personnel in mid-March 2007, defense counsel advised the court that the psychologist had determined that Brown was incompetent to stand trial, but the psychologist had not yet prepared a formal report. Id.

Nothing happened until early June 2007, when court personnel directed defense counsel to move for a mental evaluation of petitioner or a competency hearing by June 15, 2007. Court personnel informed defense counsel that both cases (Case A and Case BC) would be restored to the regular schedule. Id.

Defense counsel did not file any motion, and a scheduling order issued July 5,

2007, set the cases for final review on August 6, 2007 and for trial on August 16, 2007. Id.

On August 3, 2007, defense counsel moved for a competency hearing, and at final case review on August 6, the cases were put on the "problem list." Defense counsel wrote to the court on November 6, 2007 and submitted a proposed order for another competency examination. Although that order was docketed, it was never signed. Id.

On March 31, 2008, defense counsel moved for a new competency examination. A Superior Court judge signed the motion that same day, March 31, 2008. On April 4, 2008, the defense moved to dismiss both sets of charges (Case A and Case BC) on speedy trial grounds or, alternatively, to reduce petitioner's bail to unsecured bond. After obtaining a response from the prosecutors, a Superior Court judge denied the motion to dismiss and denied, without prejudice, the motion for reduction of bail. In an e-mail message docketed May 19, 2008, the prosecutor advised defense counsel and the Superior Court judge assigned to the case that the mental evaluation of petitioner indicated that he was competent to stand trial. According to the State, "pending the outcome of any competency hearing, trial on both [cases] is currently set for the week of July 8, 2008." (D.I. 15, at p. 5)

Petitioner filed the instant application in December 2007. The State filed its answer on June 4, 2008, arguing that the court must dismiss the application without prejudice for failure to exhaust state remedies. (D.I. 15) The State filed the state court record on June 26, 2008. ( D.I. 19)

### III. GOVERNING LEGAL PRINCIPLES

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas petition on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. O'Sullivan, 526 U.S. at 844-45; See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

### IV. DISCUSSION

Petitioner contends that he has not been indicted and that the passage of time since his arrest violates his Sixth Amendment right to a speedy trial; he requests immediate release. According to the State's answer, petitioner's criminal trial was set for the week of July 8, 2008, depending on the result of the competency hearing. Although neither party has informed the court as to whether petitioner's trial took place as scheduled, this lack of information does not preclude the court from determining that petitioner has not exhausted state remedies.

For instance, if petitioner's criminal trial did take place during the week of July 8,

2008 (or sometime prior to the date of this opinion), petitioner will not have exhausted state remedies until he presents the instant claims to the Delaware Supreme Court on direct appeal or on post-conviction appeal. At this juncture, petitioner can still file a timely notice of appeal. See Del. Supr. Ct. R. 6 (setting a 30 day filing period for direct appeals). Moreover, petitioner will have one year to file a timely post-conviction motion pursuant to Delaware Superior Court Criminal Rule 61(i)(1) once his judgment of conviction becomes final. See Del. Super. Ct. Crim. R. 61.

If petitioner's criminal trial has not yet occurred, then the court construes petitioner's pre-trial speedy trial claim as an attempt to abort his criminal proceeding, thereby precluding federal habeas intervention at this point in time. See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975); McDowell v. Chesney, 2004 WL 1376591, at *3-4 (D. Del. June 17, 2004). Moreover, further state review of both claims is still available because petitioner will be able to raise the claims on direct appeal in the event of a conviction. See Moore, 515 F.2d at 444. Accordingly, the court will deny the instant application without prejudice for failure to exhaust state remedies.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473,

484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The court has concluded that the application must be dismissed without prejudice for failure to exhaust state remedies. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.